IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 27 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
           DEPUTY CLERK

A06CA067 LY

| | |
|---|---|
| DANIEL ROCHA, Deceased, By DANIELA ROCHA, Mother and Representative of Estate and GERARDO ROCHA,. Father<br>　　　　Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ |
| vs. | § CIVIL ACTION NO. A:06 CA _____ |
| CITY OF AUSTIN, JULIE SCHROEDER AND DON DOUGLAS DOYLE, In Their Official and Individually Capacities<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Daniel Rocha, deceased, by and through Daniela Rocha, his mother and Representative of the Estate of Daniel Rocha, and Gerardo Rocha, hereinafter called Plaintiffs, complaining of and about City of Austin, Officer Julie Schroeder and Sgt. Don Doyle, officially and in their individual capacities, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.　Plaintiff Daniel Rocha was a Hispanic male citizen of the United States and the State of Texas. Daniel Rocha was shot in the back and killed by Officer Julie Schroeder with assistance by Sgt. Don Doyle and the City of Austin on June 9, 2005 in Austin, Travis County, Texas.

2.　Plaintiffs Daniela Rocha and Gerardo Rocha were the parents of Daniel Rocha and are his heirs at law. Daniela Rocha is the court approved Representative of her son's estate. Daniela Rocha resides in Austin, Travis County, Texas.

3.　Defendant City of Austin is a municipality, a legal entity, located in Austin, Travis County, Texas. Service should be had by serving Toby Futrell, City Manager. Plaintiffs' claims

Plaintiffs' Original Complaint and Jury Demand/
Rocha, Daniel

1



against the City of Austin include it's police department employees, Chief of Police, City Council and Mayor. The City Defendants are being sued in individual and official capacities.

4. Defendant Julie Schroeder is a police officer and being sued in her individual and official capacity.

5. Defendant Don D. Doyle is a police officer and being sued in his individual and official capacities.

## JURISDICTION

6. The action arises under 28 U.S.C. Section 1331 and 1443 and statutory provisions.

7. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

8. This is an action under Title 42 U.S.C. Sections 1981, 1983 and 1985 as amended by the Civil Rights Act of 1991 to correct unlawful practices. Plaintiffs also sue under the Texas Constitution and allege various common law and statutory causes of action.

## FACTS

9 On June 9, 2005, Daniel Rocha was sitting in the rear passenger seat of a motor vehicle being properly and legally operated in Austin, Travis County, Texas. Defendant Schroeder was passenger in an unmarked police vehicle which intentionally drove in front of the vehicle transporting Rocha while Defendant Doyle intentionally drove his police vehicle up behind. Plaintiff Rocha, an eighteen (18) year old, weighed One Hundred Thirty Two pounds and stood Five Feet Five inches tall. Rocha was on probation and knew he had an outstanding warrant for his arrest for the alleged offense of Theft of Person. Upon seeing the police units approaching, Rocha advised the front passenger that he was not going to escape or run but had decided to turn himself in and be arrested. The front passenger, a person the same size and age of Rocha replied that he was going to run and encouraged Plaintiff to escape also. Plaintiff Rocha watched as his friend exited the front

of the vehicle and began running. Officer Schroeder knew Daniel Rocha personally since she had arrested him months before in the case which led to his current probation. She knew he was not violent, did not carry weapons and had not resisted her efforts in the past. Officer Schroeder began calling the name of the escaping front passenger as she exited the police vehicle heading towards Rocha. Rocha remained seated in the rear seat while watching Schroeder approach and the passenger run away. The escaping passenger looked back upon hearing his name and observed Daniel sitting in the seat awaiting the arrival of Officer Schroeder. The passenger jumped a fence and looked to his rear and saw Schroeder approaching the vehicle where Daniel sat. The passenger continued to run and after jumping a second fence heard Officer Schroeder tell Daniel to "get out of the car" for the first time. The passenger continued running and escaped arrest, injury and death.

10. Numerous civilian witnesses, living in the immediate area, heard Daniel Rocha continuing to yell "I ain't got no weapons, I ain't got no weapons" and "I'm not armed" as they observed him exit the rear of the car and kneel on the ground. Daniel did not strike any individual, took any aggressive actions or assertive movements. Defendant Schroeder was not in fear for her safety and welfare and had actual knowledge that Rocha did not possess a weapon. Doyle and Schroeder grabbed, assaulted, struck, pushed, held and controlled Plaintiff using excessive force. Plaintiff began to fear for his life because of the actions of Defendants Schroeder and Doyle and began trying to run and escape the continued use of excessive force. Plaintiff continued to tell Defendants that he was unarmed and refused to take any actions towards Defendants which could be interpreted as a use of force. Defendants never advised Plaintiff that he was under arrest but continued to abuse his body.

11. Defendant Doyle grabbed, held, pushed, pulled and assaulted Plaintiff even though Doyle and Schroeder knew Plaintiff was attempting to protect himself from use of excessive force.

Defendant Doyle knew Plaintiff had no weapons and was never in fear of his life or safety from any actions of Plaintiff Rocha. Both Doyle and Schroeder had actual knowledge that additional police officers had arrived and were within inches of their present location. Defendant Doyle held Plaintiff Rocha by the legs and lower body so that Defendant Schroeder could use deadly force, a gun, in taking the life of Plaintiff.

12. Officer Schroeder placed, forced, held, pushed and/or arranged Plaintiff's body so that she could place her loaded gun at his back and shoot him from rear. She purposely, intentionally, consciously and deliberately killed Plaintiff to prevent him from escaping her capture. After intentionally shooting Plaintiff, Defendant Schroeder told several police officers that "he tried to take my gun. I had to shoot him." and **"he was going for my gun and I pulled it out and I shot him"** seconds after the incident occurred. Defendants were acting within the scope of their authority and under color of state law at all times referenced within this complaint.

13 At relevant times prior to the killing of Daniel Rocha, Defendant City of Austin had actual knowledge of officer Defendants'

> a) repeated violations of individual's constitutional rights;
>
> b) repeated unjustifiable use of excessive force on citizens;
>
> c) repeated violation of APD policies, practices and procedures;
>
> d) extensive number of use of force allegations;
>
> e) absence of supervisory controls and monitoring;
>
> f) absence of improvement after disciplinary actions;
>
> g) discrimination against Hispanic individuals, and
>
> h) deliberate indifference towards Hispanic and Black individuals.

14 At all relevant times prior to the killing of Daniel Rocha, Defendant City acquiesced in policies, practices and patterns of constitutional violations involving these Defendants and other

unnamed police officers. Defendant City had actual knowledge that Schroeder and Doyle continuously used excessive force and took no actions to discipline and/or deter such civil rights violations. Chief Knee, the Internal Affairs Division and other City police officials had actual knowledge that named Defendants were ignoring written policies, standard operating procedures and operational guidelines and such actions were detrimental and dangerous to citizens such as Plaintiff Rocha but all such City governmental and police officials ignored all such violations. Defendants allowed these officers to continue their illegal and unconstitutional practices knowing reasonable officers would not adopt such behavior and mannerisms. Defendant Doyle supervised Schroeder and had actual knowledge that she continuously violated written APD policies but failed and refused to rectify those unapproved actions or require Schroeder be retrained or disciplined.

15. The City of Austin trained Defendant Schroeder in the methods and means used to kill Rocha. Defendants City of Austin provided the equipment, gun and bullet used to kill Daniel Rocha. Defendant City of Austin ignored the obvious indications of Officer Schroeder's continual use of excessive force and her abusive mannerisms. Defendant City of Austin failed to retrain, reprimand, and/or terminate Schroeder and allowed her to mirror unconstitutional acts performed by other APD officers who served as trainers and role models for Schroeder. Schroeder's training was inadequate. Schroeder's supervision was non existent and inadequate. The Internal Affairs Division of the City of Austin has a policy of providing protections to officers who violate citizens' constitutional rights. City Defendants continued to acquiesce in minimal punishments assessed to dangerous APD repeat civil rights violators. The City of Austin has a practice of ignoring officers who violate civil rights and are a danger to citizens.

16. The City of Austin Defendants, Don Doyle, Chief Knee and others officials and officers of Austin Police Department failed and refused to provide constitutional safeguards and protections

for Plaintiff Rocha in that they knew and/or should have known that day to day practices, policies and patterns of Officer Schroeder would soon lead to the serious injury and/or death of a person because of her continual use of excessive force. Defendant City of Austin maintains policies, practices and procedures of maintaining employment of officers who have continuously violated constitutional rights of citizens, including Plaintiff. Defendant City's disciplinary practices, policies and procedures allow punished officers to return to regular duties without meaningful punishment and encourages continual repeat violations of city standard operating procedures, training policies, approved procedures and operational guidelines.

## EXCESSIVE FORCE

17   Defendants' actions, as described herein, were intentional and done with conscious indifference to the rights of Daniel Rocha. All Defendants' actions were unnecessary, unreasonable and excessively violent and exceeding the actions of reasonable officers. Defendants created an unstable and dangerous situation which encouraged Schroeder to use deadly force.

## RACE DISCRIMINATION

18.   Defendants City of Austin and other named Defendants intentionally, knowingly and recklessly killed Daniel Rocha, and engaged in unlawful police practices, policies and patterns because of Daniel Rocha's race. Defendants violated Plaintiffs' rights under 42 U.S.C. Section 1981.

19.   Defendants discriminated against Plaintiff on the basis of his race and color with malice or with reckless indifference to the United States and Texas State Constitutional.

20.   Defendants would have treated Plaintiff Rocha different and without deadly force had he been a White male.

## SUPERVISORY ACTIONS AND RATIFICATION

21.   Whenever in this complaint it is alleged that the Defendants and/or Austin Police Department did any act or thing, it is meant that the City of Austin's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with

the full authorization, ratification, acquiescence, acceptance, approval, and/or knowledge of City or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives. Unconstitutional and consciously indifferent actions described herein are the patterns, policies and practices of the City of Austin.

### ASSAULT, BATTERY & MURDER

22.     Defendants intentionally, knowingly, or recklessly made contact with Plaintiff's person and caused death to Plaintiff Daniel Rocha.  Defendants' actions amounted to reckless disregard for or deliberate indifference to the rights of Plaintiff.  Plaintiffs suffered damages for which Plaintiffs herein sues.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     Defendants intentionally or recklessly caused emotional distress to Plaintiffs by their actions as described in Paragraphs 1-22 above.  Defendants' conduct was extreme and outrageous and proximately caused Plaintiffs' severe emotional distress and death. Plaintiffs suffered damages for which Plaintiffs herein sues.

### NEGLIGENT SUPERVISION, TRAINING AND RETENTION

24.     Plaintiffs allege that the conduct of Defendant City constituted negligent hiring, supervision, training and retention.  Plaintiffs allege that Defendant City did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether officers were incompetent or a danger to third parties. Defendant knew or should have known that Schroeder was unfit to be an officer immediately upon her being employed by the Austin Police Department. Defendant City's failure to exercise reasonable care in the hiring, supervision, training and retention of Schroeder was the proximate cause of damages to Plaintiffs for which Plaintiffs herein sue.

### DAMAGES

25.     Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:
        a.     Physical pain, injury and death to Daniel Rocha;
        b      Loss of consortium, love, income and companionship;

  c. Attorney's fees incurred by or on behalf of Plaintiffs for trial and all appeal processes;
  d. All reasonable and necessary costs incurred in pursuit of this suit;
  e. Emotional pain;
  f. Expert fees as the Court deems appropriate;
  g. Inconvenience;
  h. Prejudgment interest;
  i. Mental anguish in the past;
  j. Mental anguish in the future;
  k. Reasonable medical care and expenses in the past;
  l. Appeal cost and expenses to be incurred in the future;
  m. Physical pain and suffering in the past; and
  n. Physical pain and suffering in the future.
  o. Funeral and burial expenses

## EXEMPLARY DAMAGES

26. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiffs. In order to punish said Defendants for engaging in unlawful practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant, together with interest as allowed by law; costs of court; and such other and further relief as requested herein and to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Law Offices of Bobby R. Taylor, P.C.

By: _____
Bobby R. Taylor
Texas Bar No. 19685500
1709 E. Martin L. King, Jr. Blvd.
Austin, Texas 78702
Tel. (512)476-4886
Fax. (512)476-2818
Attorney for Plaintiffs

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Plaintiffs' Original Complaint and Jury Demand/
Rocha, Daniel  8